(Opinion published 57 N. W. Rep. 140.)

---

NELS E. NELSON *vs.* HALVOR E. FINSETH.

Argued Nov. 20, 1893. Affirmed Dec. 6, 1893.

No. 8481.

Conduct of trial.

A refusal to reopen the case for further evidence *held* not an abuse of discretion.

Newly-discovered evidence.

An affidavit *held* not to show newly-discovered evidence for the reason that the facts stated in it as such had already been established on the trial.

Appeal by plaintiff, Nels E. Nelson, from an order of the Municipal Court of the City of Minneapolis, *C. B. Elliot,* J., made February 10, 1893, denying his motion for a new trial.

Plaintiff claimed that on January 15, 1889, he loaned to defendant, Halvor E. Finseth, $175, which sum defendant has neglected to repay and he asked judgment for the amount with interest and costs. Defendant answered that on November 1, 1888, he and Lewis Larson were partners in the retail milk business in Minneapolis and that plaintiff bought Larson's interest in the business and assumed to pay one half of the firm indebtedness, that plaintiff and defendant then became partners, and plaintiff agreed to put into the business $300, that he put in this $175, but no more, that their partnership was dissolved on February 1, 1889, when plaintiff retired and left the business in the hands of defendant and that no settlement of their partnership accounts had been made. On the trial September 12, 1892, defendant introduced in evidence their partnership account-

v.55m.—27

books showing that the firm had credited plaintiff with the $175 on his account with it. Before adjournment that evening both parties announced to the Court that their evidence was closed, except that plaintiff should introduce the evidence of Winfield W. Bardwell. The next morning Bardwell's evidence was given. Then plaintiff asked permission to introduce William H. Donaldson as a witness to prove, as an expert bookkeeper, his opinion that the books had been altered and this entry made since the dissolution. The Court denied the request; saying, "Your evidence was closed yesterday. I can judge of the books as well as Donaldson. They are in evidence." The plaintiff excepted.

Findings were made and judgment ordered that plaintiff take nothing by his action. A case was made and filed containing all the evidence given and exceptions taken on the trial. On it and on affidavits of his attorney and of Donaldson and himself, plaintiff made a motion for a new trial on the ground of surprise at the trial that such entry appeared in the account books, and because of the refusal of the Court to receive Donaldson's testimony. This motion was refused and plaintiff appeals.

*George H. Benton* and *J. M. Burlingame,* for appellant.

As to surprise they cited *Nudd* v. *Home Ins. B. Co.* of Texas, 25 Minn. 100; *Farnham* v. *Jones,* 32 Minn. 7; *Russell* v. *Reed,* 32 Minn. 45.

*Peterson & Kolliner,* for respondent.

As to the admission of expert evidence, they cited *Freeberg* v. *St. Paul Plow Works,* 48 Minn. 99.

GILFILLAN, C. J. When on a trial the parties close their evidence, it is ordinarily in the sound discretion of the court to permit or refuse to permit them to reopen the case for further evidence. We see no reason to suppose the court abused that discretion in this instance. The book to impeach which the plaintiff desired to reopen his case for further evidence was introduced on the 12th, after it had been verified by the oath of the defendant, and the plaintiff testified in impeachment of it as to the entry to prove which it was offered. The suspicious indications in the book were open to an

ordinary inspection of it. If the plaintiff desired to introduce further evidence to impeach it, he ought, when on the 12th it was agreed that the evidence was closed except as to one witness, (Bardwell,) and the cause was continued to the next day, to have reserved the right or asked permission to introduce further evidence in impeachment of the book. Having rested without doing so, it was not abuse of discretion in the court to refuse to reopen the case.

There was no newly-discovered evidence. Every fact set forth as such in the affidavits offered appeared from the book, and was already proved by it. The inference to be drawn from those facts, that they did or not show the book to have been mutilated, and the entry relied on by defendant to be false, was for the court, and not for any witness.

Order affirmed.

(Opinion published 57 N. W. Rep. 141.)